

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# Murphy v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4802

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Murphy v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1222.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1222

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

––––––––––

No. 05-4802

––––––––––

GORDON MURPHY,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

––––––––––

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A95-856-158)

––––––––––

Submitted under Third Circuit LAR 34.1(a)
on February 1, 2007


Before: BARRY and ROTH, <u>Circuit Judges</u>.
*IRENAS, <u>District Judge</u>

(Opinion Filed April 25, 2007)

––––––––––

*The Honorable Joseph E. Irenas, United States District Judge for the District of
New Jersey, sitting by designation.

OPINION

**ROTH**, Circuit Judge:

Gordon Murphy petitions for review of the order of the Board of Immigration Appeals (BIA), affirming, without opinion, the Immigration Judge's (IJ) denial of his application for asylum and withholding of removal. We will deny the petition.

Murphy, a native and citizen of Indonesia of Chinese ethnicity and Buddhist faith, entered the United States on or about October 14, 2001 as a non-immigrant visitor. On February 19, 2003, the Immigration and Naturalization Service issued Murphy a Notice to Appear, charging that he was subject to removal under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant visitor who remained for a time longer than permitted. Murphy appeared before the IJ, conceding removability and seeking relief from removal by filing applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), or, in the alternative, voluntary departure.

In support of his application for asylum, Murphy offered testimony and other documentary evidence describing incidents of persecution, violence, and demands for money, which serve as the basis for his claim of persecution. Specifically, Murphy described incidents in which he was the victim of violent attacks and robberies, which occurred in his apartment, at school, and at his place of employment. He also maintains that on the occasions when he reported these incidents to the authorities, they demanded money in exchange for

2

their assistance. Additionally, Murphy described a series of events occurring in April 1998 in which the houses belonging to the native Chinese were burned down at the hands of native Indonesians. Murphy, however, also testified that he was able to attend school regularly and later received a degree in industrial engineering from a collegiate institute in Indonesia.

On August 6, 2004, the IJ denied Murphy's application for asylum, withholding of removal, and protection under CAT, and ordered that he voluntarily depart the United States. On September 30, 2005, the BIA affirmed, without opinion, the IJ's decision. A timely petition for review followed, in which Murphy seeks relief from the denial of his application for asylum and withholding of removal.[1]

We have jurisdiction to review final orders of the BIA under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. Where, as here, the BIA affirms the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Konan v. Attorney General*, 432 F.3d 497, 500 (3d Cir. 2005).

Pursuant to 8 U.S.C. § 1158(b), the Attorney General may grant asylum to an alien who demonstrates that he is a refugee. To qualify as a refugee, an alien must establish that he is unable or unwilling to return to his country of nationality because of past persecution or a well-founded fear of future persecution on account of his race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1158(b)(1). To

---

[1] In his petition for review, Murphy does not raise a claim as to the IJ's determination regarding his eligibility for protection under CAT. We therefore deem this claim waived and address only his claims of asylum and withholding of removal. *Vente v. Gonzales*, 415 F.3d 296, 299 n.3 (3d Cir. 2005).

be eligible for asylum on the basis of past persecution, an alien must establish the following: "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control." *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (quoting *Navas v. INS*, 217 F.3d 646, 655-56 (9th Cir. 2000)). Likewise, to be eligible for asylum based on a well-founded fear of future persecution, an alien must establish that his fear is genuine and that "a reasonable person in his circumstances would fear persecution if returned to his native country." *Gao*, 299 F.3d at 272.

We have adopted a narrow definition of persecution, which includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." *Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993). Indeed, "persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." *Id.* Thus, whether the alien has demonstrated past persecution or a well-founded fear of future persecution is reviewed under the substantial evidence standard, which grants significant deference to the IJ's determinations. *Gao*, 299 F.3d at 272. As such, the IJ's factual findings will be upheld if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1002)). Likewise, reversal of such findings is permitted only when the record evidence "would *'compel'* a reasonable factfinder to make a contrary determination." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003).

In this instance, substantial evidence supports the IJ's determination that Murphy failed to meet his burden of showing that he suffered past persecution or that he has a well-founded fear of future persecution if returned to Indonesia. On appeal, Murphy points to a number of incidents that he maintains constituted past persecution and generated a fear of future persecution, all of which were referred to by the IJ in his decision. In denying Murphy's petition for asylum, the IJ considered these incidents and determined that, while credible, they did not fit within the meaning of persecution, as defined by this Court. In this regard, the IJ concluded that the evidence offered by Murphy did not establish that the incidents he endured were based on his race, religion, nationality, membership in a particular social group, or political opinion, as required under 8 U.S.C. § 1158(b)(1). Instead, the IJ found that the several incidents of mistreatment suffered by Murphy were economically motivated. Thus, the IJ concluded that Murphy did not qualify as a refugee, making him ineligible for asylum.

Ultimately, this is not a case in which the IJ failed to consider the evidence in the record. Rather, the IJ concluded that the evidence presented to him did not amount to past persecution or a well-founded fear of future persecution if Murphy returned to Indonesia. Because the IJ's conclusions were based on reasonable and probative evidence in the record,

5

they must be upheld under the substantial evidence standard of review.[2]  We are not

compelled to make a finding contrary to that of the IJ.  Therefore, we will deny the petition

for review.

---

2Because Murphy has not established a well-founded fear of persecution for asylum
purposes, he also has not met the more rigorous standard of eligibility for withholding of
removal.  <u>See</u> <u>Zubeda v. Ashcroft</u>, 333 F.3d 463, 469-70 (3d Cir. 2003).